UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------x
CAROLYN RUSSELL,

                                **Plaintiff,**

            -against-

CHAMLIN, ULIANO & WALSH PA, and
CHARLES J. ULIANO, Individually,

                                **Defendants.**
-------------------------------------------------------------------x

**COMPLAINT**

_____-cv-_____ (\_\_\_)

**Jury Trial Demanded**

      Plaintiff, CAROLYN RUSSELL, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendants CHAMLIN, ULIANO & WALSH PA and CHARLES J. ULIANO, Individually, alleges as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the New Jersey State Wage and Hour Law ("NJSWHL"); and Defendants' violations of all other appropriate rules, regulations, and statutes.

### JURISDICTION AND VENUE

      2.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

      3.     This Court has supplemental jurisdiction over the New Jersey state law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Defendant Chamlin, Uliano & Walsh PA**

6. Defendant Chamlin, Uliano & Walsh PA ("CUW") is a professional association organized and existing under the laws of the State of New Jersey.

7. Defendant CUW maintains executive offices and/or a principal place of business at 268 Norwood Ave, West Long Branch, NJ 07764.

8. At times relevant to this Complaint, Defendant CUW (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

9. At all times relevant to this Complaint, Defendant CUW was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and at all times relevant to this Complaint, employed Plaintiff.

10. At all times relevant to this Complaint, Defendant CUW was and is an employer within the meaning of the New Jersey State Wage and Hour Law (NJSWHL), N.J.S.A. 34:11-56a *et seq*., and at all times relevant to this Complaint, employed Plaintiff.

11. At all times relevant to this Complaint, Defendant CUW routinely conducted, and continues to routinely conduct, business within the State of New Jersey.

**Defendant Charles J. Uliano**

12. Upon information and belief, Defendant Charles J. Uliano ("Uliano") was a partner and/or owner of Defendant CUW.

13. At all times relevant to this Complaint, Defendant Uliano had power over personnel decisions at Defendant CUW, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

14. Upon information and belief, at all times relevant to this Complaint, Defendant Uliano had the power to determine employee policies at Defendant CUW, including, but not limited to determining whether employees are paid for all hours worked and whether employees are paid overtime wages.

15. Upon information and belief, at all times relevant to this Complaint, Defendant Uliano was actively involved in managing the day-to-day operations of Defendant CUW.

16. At all times relevant to this Complaint Defendant Uliano was and is an employer within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

17. At all times relevant to this Complaint, Defendant Uliano was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed Plaintiff.

**Plaintiff Carolyn Russell**

18. Plaintiff Carolyn Russell is an adult individual who is a resident of the State of New Jersey.

19. Plaintiff was employed as Secretary at Defendant CUW from on or about 2003 until February 11, 2022.

## FACTS

20. Defendants undertook the following acts and omissions knowingly, willfully, and intentionally.

21. All actions and omissions described in this Complaint were made by Defendants directly and/or through their supervisory employees and agents.

22. Throughout her employment, Plaintiff fully, faithfully, and efficiently performed all her job duties and consistently met or exceeded all of Defendants' reasonable business expectations.

**Wage and Hour Violations**

23. Throughout Plaintiff's employment, she was employed in non-exempt positions and was therefore entitled to overtime pay.

24. At all times relevant to this Complaint, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

25. Defendants failed to compensate Plaintiff for hours in excess of forty (40) hours in a workweek.

26. Plaintiff was regularly required to work approximately forty-five (45) hours each week.

27. Plaintiff was regularly required to work approximately five (5) hours of unpaid overtime per workweek.

28. Plaintiff was scheduled to work from 9 AM to 5 PM, Monday through Friday.

29. In addition to Plaintiff's scheduled work hours, Plaintiff was regularly required to begin work approximately 30 minutes prior to her start time and to work through lunch.

30. Plaintiff was not compensated for any hours worked outside of her scheduled work hours.

31. Defendants failed to accurately track Plaintiff's hours worked in violation of the NJSWHL and FLSA.

32. Defendants failed to accurately track Plaintiff's hours worked in an effort to avoid properly compensating Plaintiff.

33. Defendants knew, or should have known, Plaintiff was working uncompensated overtime hours.

34. Throughout Plaintiff's employment, Plaintiff was not compensated time and a half for hours she worked in excess of forty (40) per week.

35. Both the FLSA and NJSWHL require employers to compensate employees at one and one half their hourly rate for all hours worked over forty (40) in a workweek.

36. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) in a workweek in violation of the NJSWHL and FLSA.

## FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 et seq.)**
**Against All Defendants**

37. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

38. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

39. At all relevant times, Defendants employed employees, including Plaintiff.

40. During the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

41. At all times relevant to this Complaint, Plaintiff was not exempt from overtime under the Fair Labor Standards Act.

42. At all times relevant to this Complaint, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay employees, including Plaintiff, overtime pay.

43. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for hourly wage and overtime wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**Overtime Violations of the of the New Jersey Wage and Hour Law**

44. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs, as if fully set forth herein.

45. It is unlawful under New Jersey law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

46. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the minimum wages for hours she worked in excess of forty (40) hours per workweek.

47. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to

be established at trial, prejudgment interest and costs, and attorneys' fees, pursuant to NJWHL.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered on her behalf in accordance with the above claimed causes of action and requests the following:

A.   All compensatory and economic damages;

B.   All reasonable expenses incurred by Plaintiff, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Plaintiff may show herself justly entitled;

C.   All punitive and statutory damages authorized by law;

D.   Pre-judgment and post-judgment interest; and

E.   Such further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right.

Dated: Woodcliff Lake, NJ  
May 20, 2022

**KRAKOWER DICHIARA LLC**

By:  
　_s/ Todd Krakower_  
Todd J. Krakower

172 Broadway, Suite 105  
Woodcliff Lake, NJ 07677  
T: (201) 746-6333  
F: (347) 765-1600

*Attorneys for Plaintiff*