

August 5, 2022

**Gregg S. Kahn**
973.735.6031 (direct)
gregg.kahn@wilsonelser.com

**BY ELECTRONIC FILING**
Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court, District of New Jersey
U.S. Courthouse, 402 E. State Street
Trenton, New Jersey 08608

Re:  Carolyn Russell v. Chamlin, Uliano & Walsh PA, et al.
     Civil Action No. 3:22-cv-2965 (ZNQ/DEA)
     **Our File No.: 12035.1533**

Dear Judge Quraishi:

We represent the defendants in the above-referenced matter.

The defendants' response to the plaintiff's Complaint is currently due to be filed with the Court by Monday August 8. Before responding to the Complaint, and in accordance with your Honor's Judicial Preferences, the defendants request – respectfully – that the Court schedule a pre-motion conference so that the parties and the Court can discuss the defendants' intention to file a motion to dismiss plaintiff's Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The basis for the defendants' motion is that the plaintiff's Complaint – which alleges wage & hour violations pursuant to the federal Fair Labor Standards Act ("FLSA") and New Jersey's Wage & Hour Law ("NJWHL") – does not state a claim upon which relief can be granted. Specifically, the plaintiff on the one hand contends in her Complaint that she was a non-exempt employee who was entitled to overtime but was not paid for hours worked in excess of forty (40) in particular weeks. But on the other hand, other than to vaguely and generically allege in paragraph no. 19 of the Complaint that she worked as a Secretary and in paragraph no. 23 of the Complaint that she worked in non-exempt positions, nowhere in her Complaint does the plaintiff allege what duties she performed and/or provide any other allegation in support of the contention that she worked in a non-exempt – as opposed to an exempt – position. Since the mere references to "Secretary" and "non-exempt positions" are woefully insufficient to support a wage & hour claim, the defendants respectfully submit that the plaintiff's Complaint fails to state a claim upon which relief may be granted.

Accordingly, in light of the defendants' intention to file a motion to dismiss, the defendants respectfully request that the Court schedule a pre-motion conference. We also note – again in

200 Campus Drive • Florham Park, NJ 07932 • p 973.624.0800 • f 973.624.0808
One Gateway Center • Suite 2600 • Newark, NJ 07102

Carolyn F. O'Connor • Regional Managing Partner, New Jersey

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
**wilsonelser.com**

273994491v.1

Honorable Zahid N. Quraishi, U.S.D.J.
August 5, 2022
Page 2

accordance with your Honor's Judicial Preferences – that by virtue of timely submitting this letter, the time for the defendants to respond to the plaintiff's Complaint is tolled.

We look forward to hearing from your Honor regarding the defendants' request. We also thank your Honor for your Honor's continued attention to this matter. Thank you.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Gregg S. Kahn*

Gregg S. Kahn

GSK
cc:    Honorable Douglas E. Arpert, U.S.M.J. [BY ELECTRONIC FILING]
        Todd Krakower, Esq. [BY ELECTRONIC FILING]